UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CIC GROUP, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1789MLM |
| | ) | |
| **SCOTT MITCHELL,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Scott Mitchell ("Defendant"). Doc. 9.  Plaintiff CIC Groups, Inc., ("Plaintiff") filed a Response. Doc. 15.  Defendant filed a Reply. Doc. 20.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. Doc. 17.

In its Complaint, Plaintiff alleges that it is a Missouri corporation with its principal place of business in St. Louis County, Missouri; that Defendant resides in Barberton, Ohio; and that this court has jurisdiction because Plaintiff is located in St. Louis, because Defendant entered *"into an agreement which is the subject of this action"* in St. Louis County, because Defendant had substantial contacts with Plaintiff in St. Louis County, and because Defendant committed the unlawful acts alleged in the Complaint in St. Louis County. Compl., ¶ ¶ 1-3 (emphasis added).[1]  Plaintiff further alleges that Defendant is Chief Executive Officer, Director, and sole shareholder of all one hundred of the issued and outstanding shares of capital stock of Scott Process Systems, Inc. ("SPSI"); that Plaintiff entered into a Stock Purchase Agreement (the "Agreement") with Defendant

---

[1]  As this matter was removed from State court, the Complaint is Exhibit 3, attached to Document 1.

on July 31, 2009; that, pursuant to the Agreement, Plaintiff acquired all shares of SPSI; and that, as part of the due diligence conducted by Plaintiff prior to its entering into the Agreement, Plaintiff requested, and Defendant provided, among other things, information concerning any contracts to which SPSI was a party, financial statements, inventory amounts, and work-in-progress ("WIP") schedules. Compl., ¶ ¶ 5-7.

In Count I, Plaintiff alleges negligent misrepresentation in regard to WIP schedules, financial statements, and inventory valuation representations made by Defendant to Plaintiff.  In particular, Plaintiff alleges that Defendant overstated the assets which Plaintiff acquired pursuant to the Agreement by 3.9 million dollars and understated the liabilities by 1.4 million dollars; that during due diligence Defendant represented that the information contained in WIP schedules and financial statements was true and accurate; that Plaintiff learned after execution of the Agreement that these representations were false; that these misrepresentations were made negligently; that in addition to misrepresentations made regarding WIP, Defendant negligently misrepresented SPSI's inventory on financial statements and books presented to Plaintiff; that Defendant misrepresented that SPSI had ownership of 2.3 million dollars worth of inventory, of which SPSI did not have ownership; that Plaintiff relied on the inventory valuation provided by Defendant in making its decision to acquire the shares of SPSI; that Plaintiff  would not have entered into the Agreement if it had known the true value of the inventory owned by SPSI; and that, as a direct result of Defendant's negligent misrepresentations, Plaintiff suffered damages in the amount of 8.4 million dollars. Compl., ¶ ¶ 8-22.

In Count II, Plaintiff alleges fraudulent misrepresentation in that Defendant made misrepresentations with the intent to deceive Plaintiff as to Defendant's chances of recovering money owed by one of its customers,  Black & Veach ("B & V"), and that these representations included, among other things, that SPSI's potential exposure from Disputed Contracts with B&V was

2

immaterial; that B&V would eventually pay most, if not all, of the 10.2 million dollars it owed under Disputed Contracts; that 8.2 million dollars of a 2 million dollar reserve was fully collectible; and that Defendant expected B & V to pay more than half of the money it owed to SPSI by the end of 2009. Plaintiff further alleges, in Count II, that, on September 1, 2009, Defendant disclosed correspondence between SPSI and S&V from October and December 2008 which revealed that it was highly unlikely that SPSI would collect any of the money that B&V owed under the Disputed Contracts; that Plaintiff relied on the above stated misrepresentations by Defendant and would not have entered into the Agreement if Defendant had fully disclosed all information concerning the Disputed Contracts; and that Defendant's conduct in the making of the alleged fraudulent misrepresentations was intentional, wilful, and wanton and in conscious disregard for the rights of Plaintiff. Compl., ¶ ¶ 23-36.

Defendant moves to dismiss Plaintiff's Complaint because the forum selection clause in the Agreement requires that Plaintiff bring its cause of action against Defendant in the Northern District of Ohio, in which district Defendant resides.  Alternatively, Defendant moves that the court transfer this matter to the Northern District of Ohio.  The Agreement provides as follows:

> 25. Jurisdiction: Service of Process.  Any action or proceeding seeking to enforce any provision of, or based on any right ***arising out of***, ***this Agreement*** shall be brought against any of the parties only ***in the courts of the defending party***, and each of the parties ***consents to the exclusive jurisdiction of such courts*** (and of the appropriate appellate courts) in any such action or proceeding and ***irrevocably waives any objection to venue*** laid therein.  Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world.

Doc. 10-2, Attachment.

The Eighth Circuit held in <u>Servewell Plumbing, LLC v. Federal Ins. Co.</u>, 439 F.3d 786, 789 (8th Cir. 2006), "'the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue.'" (citation omitted).  Where the application of state or

3

federal law would not affect the outcome, however, a federal court may apply the standard articulated by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).

Missouri courts hold that "jurisdiction over the person may be [] obtained by consent or by waiver" and "[p]arties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived." Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, (Mo. Ct. App. 2000) (citations omitted).  A party makes a "prima facie showing of jurisdiction by adducing evidence that the parties had signed the agreement containing a forum selection clause ... ." Id.  Under such circumstances, the party invoking the forum selection clause need not "show minimum contacts." Id.

> In Servewell Plumbing, 439 F.3d at 789, the Eight Circuit held that under federal law:
>
> "[F]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." M.B. Restaurants, 183 F.3d at 752 (citing Bremen, 407 U.S. at 15, 92 S.Ct. 1907); ... Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially "heavy burden of proof" to avoid its bargain. Bremen, 407 U.S. at 17, 92 S.Ct.1907. Only "some compelling and countervailing reason" will excuse enforcement of a bargained-for forum selection clause. Id. at 12, 92 S.Ct. 1907; accord Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

The Eighth Circuit holds that "[d]ue process is satisfied when a [party] consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985); Bremen, 407 U.S. at 15).  Courts assume "that parties consider the inconvenience of the forum [designated in a forum selection clause] at the time they enter a contract." Id. at 727.  While enforcement of a forum selection clause can be found "unjust," the party seeking to invalidate the clause must "'show that [proceeding] in the contractual forum will be

4

so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" Id. (quoting Bremen, 407 U.S. at 18).

Upon determining whether a forum selection clause should not be enforced, the Supreme Court held in Bremen, 407 U.S. at 15, that the party seeking to invalidate it must make "a strong showing that it should be set aside." Indeed, that party must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. In any case, "a forum selection clause may be viewed as a waiver of a [resisting party's] right to object to venue." Dominium, 248 F.3d at 727 n.5 (citing Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C. Cir. 2000); Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 378 (7th Cir.1990)).

Based on the above discussions of Missouri and federal law, the court finds that, in the matter under consideration, whether Missouri or federal law is applied does not affect the outcome. Under such circumstances the court will apply the standard set forth in Breman and articulated in subsequent federal decisions.

Plaintiff does not dispute that the parties signed the above described Agreement which includes a forum selection clause. This clause specifically provides that any lawsuit which arises from the Agreement must be brought in the jurisdiction of the defendant. In its Complaint, Plaintiff alleges that ***the Agreement "is the subject of this action***." Plaintiff suggests that, because its cause of action arises in tort, rather than contract, the forum selection clause in the Agreement is not applicable. While Plaintiff has designated its cause of action as one arising in tort, the clause only requires that the dispute arise from the Agreement. Application of the clause is not limited to actions brought in contract. The allegations of Plaintiff's Complaint make it clear that its dispute with Defendant arises from the Agreement. As such, the court finds that Defendant has made a prima facie showing that jurisdiction over Plaintiff's lawsuit rests with courts in the Northern District of Ohio, where

Defendant resides. See Breman, 407 U.S. at 15; Servewell, 439 F.3d at 789; Dominium, 248 F.3d at 726. Under such circumstances, Plaintiff must make a "strong showing," as described above, to establish that the forum selection clause should not be enforced and that this court should exercise jurisdiction. See Breman, 407 U.S. at 15; Servewell Plumbing, 439 F.3d at 789.

In support of its position that this court should exercise jurisdiction, despite the forum selection clause, Plaintiff contends that due process will be served if this court exercises jurisdiction; that jurisdiction may be exercised pursuant to Missouri's long arm statute, Mo. Rev. Stat. § 506.500; that exercise of jurisdiction by this court comports with due process; that deference should be afforded to Plaintiff's choice of forum; and that the balance of public and private interests, combined with Plaintiff's choice of forum, require the assertion of jurisdiction by this court. Plaintiff also argues that Defendant's alternative motion to transfer this matter to the Northern District of Ohio should be denied. To the extent Plaintiff's arguments, including those addressing Missouri's long arm statute, are based upon inconvenience, it is assumed that the parties contemplated inconvenience when they agreed to the forum selection clause. See Breman, 407 U.S. at 16 ("[W]here it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable."); Dominium, 248 F.3d at 727 ("[I]t may be assumed that parties consider the inconvenience of the forum at the time they enter a contract."). To the extent Plaintiff relies on due process to support its position, "[d]ue process is satisfied when a [party] consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." Dominion, 248, F.3d at 716. To the extent that Plaintiff contends that its choice should be given preference, Plaintiff waived its right to make a choice when it signed the Agreement. See Dominium, 248 F.3d at 727 n.5. The court finds that

Plaintiff's arguments do not meet the strong burden imposed by <u>Breman</u>, 407 U.S. at 15. As such, the court finds that the forum selection clause in the Agreement should be enforced; that Defendant's alternative motion to transfer to the District of Ohio should be granted; and that this matter should be transferred to the Northern District of Ohio.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**; Doc. 9-1

**IT IS FURTHER ORDERED** that Defendant's Alternative Motion to Transfer Venue is **GRANTED**; Doc. 9-2

**IT IS FURTHER ORDERED** that this matter is transferred to the Federal District Court for the Northern District of Ohio;

**IT IS FURTHER ORDERED** that the Clerk shall take such action as necessary to transfer this matter to the Federal District Court for the Northern District of Ohio.

/s/Mary Ann L.Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of December, 2010.