DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CIC GROUP, INC., ) | |
| ) | CASE NO. 5:10-CV-02885 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | STRIKING DEMAND FOR JURY |
| SCOTT MITCHELL, ) | TRIAL |
| ) | |
| Defendant(s). ) | |
| ) | |

In its Order Regarding Motion for Summary Judgment (ECF 87), this Court scheduled oral argument on the motion and directed the parties to be prepared to discuss whether, "if defendant's motion is denied, this case would go forward as a jury trial or a bench trial." The Court denied Defendant's Motion for Summary Judgment on February 27, 2013 and ordered the parties to submit briefs on the issue. (ECF #94). Both parties timely filed briefs. Plaintiff argued his right to a jury trial, and Defendant requested that the action proceed as a bench trial, based on a jury trial waiver contained in the parties' Stock Purchase Agreement ("Agreement").( ECF ## 95, 96). Defendant Mitchell also filed a Reply Brief. (ECF #97).

After consideration of all oral and written arguments, the Court finds Plaintiff contractually waived the right to a jury, GRANTS Defendant's request for a bench trial, and strikes the jury demand.

ANALYSIS

The facts of this case have been stated thoroughly in the summary judgment filings and will not be repeated here. (See: ECF ##84, 85, 96, 91, 92, 93).

(5:10-cv-02885)

This is the third time in this case in which essentially the same question has been posed: Do the provisions of the Agreement regarding litigation apply to this action, which alleges causes of action in tort that relate to the contract and contract formation? The United States District Court for the Southern District of Missouri found the Agreement's forum-selection cause was controlling, and transferred the action to Ohio. (ECF 21). This Court found that the Agreement's choice-of-law clause controlling, and established Missouri law as applicable to the action. (ECF #94).

At issue is now the jury waiver, contained in Paragraph 24 Agreement. As with the choice-of-law issue, there is no allegation that CIC's agreement to the jury waiver was induced by fraud; the language of the waiver is broad ("any action or proceeding brought by or against either of them or the transactions contemplated thereby"), and Missouri law will enforce a valid waiver of a jury trial. *Nw. Airlines, Inc., v. Airline Pilots Ass'n. Int'l.* 373 F. 3d 136, 142 (8th Cir. 1967).

Defendant's citation to *Westgate GV. At the Woods, LLC v Dickson,* 10-0329-CV-DGK, 2010 WL 4721245 (W.D. Mo. Nov. 15, 2010) is apposite.  As in this case, the claims were based around a contract, but were framed in tort. Defendant moved to strike the jury demand, relying upon a contractual jury-waiver provision. The court upheld the jury-waiver clause as valid and applicable to tort claims arising out of the contract. *See also: Hillcrest Bank v. Cordsen,* 10-00967-CV-W-DGK, 2011 WL 2633273 (W.D. Mo. July 5, 2011) (jury waiver effective as to contract claims and tort counterclaims); *Baungardner v. Bimbo Food Bakeries Distribution, Inc.*, 697 F. Supp 2d 802, 819 (N. D. Ohio  2010) (it is "altogether appropriate" to apply contractual

(5:10-cv-02885)

jury waiver a "to tort claims arising out of and relating to the contract and the negotiations which led to the contract").

The elements the court in *Westgate* advised should be considered when evaluating a waiver all point to finding the jury-trial waiver in the Agreement is valid: the waiver provision is set off in its own paragraph, in all caps bold; this is not a contract of adhesion; the contract is not unduly long; the signator party is businessman; CIC was represented by counsel, in fact, CIC's counsel drafted the waiver language. All these circumstantial facts support the conclusion CIC's agreement was "knowing and voluntary" and there is nothing to suggest CIC's agreement was not "knowing and voluntary." A knowing and voluntary waiver of jury trial, is valid and binding and properly applies to this action involving tort claims arising out of the Agreement and negotiations relating to the Agreement. *Malan Realty Investors, Inc. v. Harris, 953* S.W.2d 624 (Mo. Banc. 1997); *Popular Leasing USA, Inc. v. Nat'l Restoration Sys, Inc..* No. 4:04CV 01629, 2005 WL 2033434 at *2 (E.D. Mo. Aug. 23, 2005); *Westgate, supra.*

This action will proceed as a bench trial, and Plaintiff's jury demand will be struck. To facilitate trial preparation, Paragraphs 11 and 12 of the Court's Trial Order, ECF 90, are modified to require submission of the issues and proposed findings of fact and conclusions of law seven (7) working days before the standby trial date.

IT IS SO ORDERED.

 April 8, 2013                                    */s/ David D. Dowd, Jr.*
 Date                                              David D. Dowd, Jr.
                                                   U.S. District Judge